FILED

2008 Dec-04  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **WILLIAM SCOTT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:07-CV-2166-VEH** |
| | ) | |
| **THE PRUDENTIAL INSURANCE** | ) | |
| **COMPANY OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### MEMORANDUM OPINION

Currently before the Court is the Motion for Relief from Judgment Pursuant to Rule 60 or Amendment of Judgment Pursuant to Rule 59 filed by the Plaintiff, William Scott ("Scott"), against the Defendant, The Prudential Insurance Company of America ("Prudential"). (Doc. 20.) This is a case brought under ERISA in which the Court previously granted Prudential's Motion for Summary Judgment on October 30, 2008. (Doc. 19.) For reasons discussed below in this Memorandum Opinion, the pending motion is due to be **DENIED**.

## I.    PROCEDURAL AND FACTUAL HISTORY

The procedural and factual history of this case is provided in great detail in the Court's Memorandum Opinion of October 30, 2008, finding that summary judgment

was due to be granted in favor of Prudential against Scott. (Doc. 18.)  However, the

Court will briefly summarize the proceedings.  Scott was an employee of the Kardoes

Rubber Company, working in maintenance, until May 19, 2004.  *Id.* at 2.  As part of

his employment benefits, Prudential provided disability benefits under a plan

governed by ERISA.  *Id.* at 3.  In relevant part, the plan defined disability as follows:

> You are disabled when Prudential determines that:
>
> - You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and
> - You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury.
>
> After 24 Months of payments you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

*Id*.  Due to his heart problems, Scott applied for benefits on June 2, 2004.  *Id.*

Prudential approved this application under the initial benefits determination, but later

concluded that Scott was no longer disabled after twenty-four months, since it found

that he could "perform the duties of any gainful occupation." *Id.* at 4-5.  In reaching

this decision, Prudential collected numerous medical records from Scott, conducted

an independent file review, and relied heavily on functional assessments provided by

Scott's own treating cardiologist.  *Id.* at 6-8.  This decision became final when

Prudential affirmed its initial decision upon Scott's administrative appeal, finding that Scott could meet the "any gainful occupation" standard. *Id.* at 8. Following the final decision, Scott initiated this lawsuit on November 29, 2007.

Both Prudential and Scott then filed cross-motions for summary judgment. (Docs. 7, 11.) The Court granted Prudential's motion and denied Scott's motion. (Docs. 18-19.) The Court reached this decision because it found that Prudential's benefits determination was not *de novo* wrong, and according to the applicable legal standards, summary judgment was therefore appropriate. (Doc. 18 at 39.)

The motion currently before the Court now challenges that finding on both Rule 59 and Rule 60 grounds. (Doc. 20.) Scott challenges the Court's holding on six grounds, which he contends mandate either relief from judgment or an amendment to the judgment entered in favor of Prudential. (Doc. 20 at 1-2.)

## II.   APPLICABLE LEGAL STANDARDS

Scott does not identify which provision of Rule 60 he relies upon, but it is apparent from the Motion that Scott seeks redress under Rule 60(b)(6)'s catchall provision, under which a court can grant relief from judgment for "any other reason that justifies relief." Insofar as the motion seeks an amendment of the judgment, the Court construes it as brought under Rule 59(e).

### A.   Relief from Judgment

3

Motions made under Rule 60(b) are within the sound discretion of the trial court. *Jackson v. People's Republic of China*, 794 F.2d 1490, 1494 (11th Cir.1986). "The rule is equitable in origin, and the court may take action appropriate to accomplish justice." *Id.* Judge William H. Steele, of the Southern District of Alabama provides this Court with a helpful framework for addressing motions brought under Rule 60(b)(6)'s catchall provision:

> The Eleventh Circuit has observed that "a Rule 60(b)(6) motion, by which a court has discretion to grant a new trial for any other reason justifying relief from the operation of the judgment, is intended only for extraordinary circumstances." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir.2000) (citation omitted). Indeed, it is incumbent on the Rule 60(b)(6) movant to persuade the district court "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole*, 235 F.3d at 1316 (citation omitted). "[T]he law is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal." *American Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir.1999); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 919-20 (11th Cir.1996) (affirming denial of Rule 60(b)(6) motion where movant sought relief on the basis of a purported mistake of law that could have been raised on direct appeal); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir.1993) ("the well-recognized rule ... precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal") (citation omitted); *Hodge v. Burlington Northern & Santa Fe Ry. Co.*, 461 F.Supp.2d 1044, 1054 (E.D. Mo.2006) (disagreements on points of law are not extraordinary or exceptional circumstances for Rule 60(b)(6) purposes); *Cutler v. Lewiston Daily Sun*, 103 F.R.D. 172, 174 (D. Me.1984) ( "Error of law in the judgment of

the district court is not a proper ground to give relief from a final judgment under Rule 60(b)(6).")

*Ratcliff v. Heavy Machines, Inc.*, No. 06-CV-0861-WS-M, 2007 WL 2051352 at *1 (S.D. Ala. July 17, 2007).  Thus, in order to obtain relief under Rule 60(b)(6), Scott must provide compelling reasons beyond mere disagreements with the Court's legal conclusions.

### B.    Alteration or Amendment of Judgment

Similar to Rule 60(b)(6), Scott must satisfy extraordinarily high standards in order to secure relief under Rule 59(e).  "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005).  In this instance, Judge Steele again provides this Court with a succinct summary of the principles that guide a district court judge in addressing a motion brought under Rule 59(e).

> "In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S. D. Ala.2005); *see also United States v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D. Fla.2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants

should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"). "Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order." *Gipson v. Mattox*, 511 F.Supp.2d 1182, 1185 (S.D. Ala.2007); *see also Gougler*, 370 F.Supp.2d at 1189 n. 1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected"); *Lazo v. Washington Mutual Bank*, 2001 WL 577029, * 1 (9th Cir. May 29, 2001) (similar); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar). Furthermore, it is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Gougler*, 370 F.Supp.2d at 1189 (citation omitted); *see also American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); *Rossi v. Troy State University*, 330 F.Supp.2d 1240, 1249 (M.D.Ala.2002) (denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). The Eleventh Circuit has also stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir.1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F.Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar).

*Ohio Cas. Ins. Co. v. Holcim (US) Inc.*, No. 06-CV-0317-WS-M, 2007 WL 4189503 at *2 (S.D. Ala. Nov. 20, 2007) (addressing a similar Motion to Alter or Amend Judgment brought under Rule 59(e)). Thus, as with his Rule 60 motion, Scott faces an uphill battle in proving that he is entitled to such extraordinary relief.

6

### III.   ANALYSIS

With the foregoing legal principles in place, the Court now turns to the arguments presented by Scott in support of his motion.

### A.   Summary judgment is appropriate even if the Administrator faced conflicting opinions.

First, Scott argues that this Court inappropriately granted summary judgment because it recognized that Prudential "faced conflicting opinions when making its benefits determination." (Doc. 20 at 8.)  He argues that summary judgment is not appropriate in an ERISA case when medical opinions differ as to whether the claimant is disabled.  However, this argument misunderstands the role of the district court in engaging in judicial review of a plan administrator's decision in an ERISA case.

While the Court is to construe disputed <u>facts</u> in favor of the nonmoving party in addressing motions for summary judgment, it need not do so when faced with opinions as to the ultimate issue of the case: whether Scott met Prudential's plan definition of disability.  In fact, in its *de novo* review of the plan administrator's decision, the Court is required to assume the role of the plan administrator and, by looking to the administrative record, determine whether the decision to deny benefits was *de novo* wrong.  *See Godfrey v. BellSouth Telecommunications, Inc.*, 89 F.3d

755, 758 (11th Cir. 1996) ("we first conduct a *de novo* review to decide if the [plan administrator's] determination was wrong."). The Eleventh Circuit has held that plan administrators may properly reject the opinion of a treating physician on the basis of reliable evidence. *See Oliver v. Coca-Cola Co.*, 497 F.3d 1181, 1199 (11th Cir. 2007); *Shaw v. Conn. Gen. Life Ins. Co.*, 353 F.3d 1276, 1287 (11th Cir. 2003) (citing *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003)).

Here, there were no genuine issues of material fact, and summary judgment was appropriate. Prudential relied on objective evidence, including functional assessments of Scott's own treating physicians, in finding that he was not disabled under the "any gainful occupation" standard. It did not arbitrarily refuse to credit the reliable evidence of Scott's treating physician; rather it relied on the evidence provided by Scott's treating physicians in finding that Scott could perform "any gainful occupation" under the terms of the plan. (Doc. 18 at 28-34.) Thus, there are no genuine issues of material fact, and summary judgment was appropriately entered on behalf of Prudential. The Court correctly determined that the administrator's decision was *de novo* correct.

## B. Relitigation of Prior Issues Raised at Summary Judgment

Two of Scott's remaining arguments are simply a restatement of previous arguments that the Court rejected in granting summary judgment in favor of

8

Prudential.  These arguments include Scott's contentions (1) that his award of Social Security benefits was entitled to greater weight, and (2) that he was entitled to a shifting burden of proof.  Scott does not cite any new case law for the Court and has not presented it with any evidence that the Court did not previously consider.  Indeed, the arguments are largely verbatim copies of what Scott argued in his briefs.  Since neither a Rule 59(e) motion nor a Rule 60(b)(6) motion may be used to simply relitigate a prior issue, the Court rejects Scott's invitation to return to issues that it previously addressed in its prior Memorandum Opinion. *See  Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005) ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."); *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir.1993) ("the well-recognized rule ... precludes the use of a Rule 60(b) motion as a substitute for a proper and timely appeal").

### C.    Use of Unreliable Evidence

Scott's remaining arguments can be addressed in the single category of "unreliable evidence."  He advances two points which he believes support either relief from judgment or amendment of the judgment.  First, Scott argues that Prudential used an unreliable medical review prepared by Dr. Kaplan in denying benefits.  (Doc. 20 at 14-16.)  Next, it argues that Prudential's "expert" medical

reviews were unsigned and therefore do not support summary judgment. (Doc. 20 at 16.)

Turning first to Scott's challenge to Dr. Kaplan's review, while Scott did raise this in his briefing on the cross-motions for summary judgment (Docs. 8 at 17-18; 15 at 20-21)[1] the Court did not specifically address his contention that Kaplan's report was not reliable. It does so here.

First, Scott argues that Dr. Kaplan is a physiatrist and is not qualified to assess Plaintiff's disability. (Doc. 20 at 14.) This argument was not raised in his prior briefing, but the Court still rejects it out of hand. Kaplan evaluated Scott's medical files for <u>physiatric</u> impairment. (Doc. 18 at 8.) It is difficult to imagine who might be better qualified to address Scott's physical symptoms. Kaplan's review found that there was no medical evidence of Scott's new claims of back and knee pain. *Id.* Prudential used this opinion in denying Scott's claim. *Id.* To date, Scott has not provided this Court with any evidence that contradicts Dr. Kaplan's finding. Additionally, Scott's physical symptoms were relatively minor in considering his overall disability, as his primary symptoms were cardiac. Therefore, the Court will not reject Dr. Kaplan's report on this ground.

---

[1] Scott did not address Prudential's response to his argument in his reply brief. (Doc. 14.)

Second, as he did in his prior brief, Scott notes that at least one district court has found that Dr. Kaplan's review was unreliable.  (Doc. 20 at 14-15.)  Scott directs this Court's attention to *Molton v. Hewlett-Packard Employee Benefit Organization*, No. 04-1705-WGB, 2006 WL 777005 (D.N.J. March 24, 2006).  There, the district court found that "Dr. Kaplan's cursory 45 minute review [was] erroneous and undeserving of the weight given to it by the VPA."  *Id.* at *10.  While Dr. Kaplan's report may have been deficient in at least one prior case, there is no indication that it was similarly deficient here.  Scott has submitted no evidence to show that Dr. Kaplan conducted only a cursory review or that he was incorrect in finding that Scott was not suffering from any physical disability.  Therefore, the Court rejects Scott's second challenge to Dr. Kaplan's report.

Finally, the Court turns to Scott's contention that "two reports of [Prudential's] 'expert' medical reviews were unsigned and do not support Summary Judgment." (Doc. 20 at 16.)  Scott did not raise this argument in any of his briefing, and he does not discuss it beyond the introduction and conclusion of the pending motion. Furthermore, Scott cites no case law indicating that an independent file review in an ERISA case must be signed in order to be reliable evidence upon *de novo* review, and the Court has found no authority for such a proposition.  Therefore, the Court rejects this challenge as well.

**IV.   CONCLUSION**

Therefore, for the reasons discussed in this Memorandum Opinion, the Court finds that Scott's Motion for Relief from Judgment Pursuant to Rule 60 or Amendment of Judgment Pursuant to Rule 59 (Doc. 20) is due to be **DENIED**. Scott's motion is little more than an attempt to have this Court revisit issues already decided and it does not meet the requirements for the extraordinary relief he seeks. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 4th day of December, 2008.


**VIRGINIA EMERSON HOPKINS**
United States District Judge